HON. THERESA L. FRICKE

1

2

3

4

5

6

7

8

9

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10   ISELA M. MALDONADO, an individual,

11                        Plaintiff,

12              v.

13   COLUMBIA VALLEY EMERGENCY
     PHYSICIANS, LLC; EMCARE, INC.,
14   EMCARE HOLDINGS INC., ENVISION
     HEALTHCARE HOLDINGS, INC., AND
15   ENVISION HEALTHCARE
     CORPORATION,
16   
     Defendants.

17

18

19

20

21

22

23

24

25

Case No. 3:20-cv-05428-TLF

**DEFENDANTS' MOTION TO
DISMISS OR, IN THE
ALTERNATIVE, STRIKE
PLAINTIFF'S CLASS
ALLEGATIONS**

**NOTE ON MOTION CALENDAR:
JUNE 12, 2020**

**ORAL ARGUMENT REQUESTED**

LAW OFFICES
**CALFO EAKES & OSTROVSKY LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## **INTRODUCTION**

This is a case about a patient who sought and received necessary emergency health care but has now decided she does not want to pay for those services because the cost is allegedly "unreasonable." Plaintiff's claims lack a basis in law or common sense.

On January 15, 2019, Plaintiff Isela M. Maldonado received medical care at Trios Southridge Hospital (the "Hospital") from providers affiliated with Defendant Columbia Valley Emergency Physicians, LLC ("CVEP"). Compl. ¶¶ 6.2–6.3 (Dkt. # 1-1). Her care was not conditioned upon her ability to pay: The federal Emergency Medical Treatment & Labor Act ("EMTALA"), 42 U.S.C. § 1395dd *et seq.*, ensures public access to emergency services regardless of ability to pay. After discharge, Plaintiff received a bill from CVEP for $821.00. Compl. ¶ 6.4.

Plaintiff's Complaint does not allege, inter alia: (1) why she went to the Hospital; (2) what services she received; (3) that the services provided by CVEP were not medically necessary or fell below the standard of care; or (4) that she or her healthcare insurer paid anything for the medical services she received. Plaintiff only alleges that the $821.00 <u>charged</u> by CVEP for medical services is "unreasonable and excessive" without explaining why she believes that figure to be unreasonable. Compl. ¶ 6.4. Based on this conclusory allegation, Plaintiff alleges that CVEP—as well as Defendants EmCare Inc., EmCare Holdings Inc., Envision Healthcare Holdings, Inc., and Envision Healthcare Corporation, which are allegedly affiliated or related organizations that manage its billing processes—are liable under various tortious and contractual theories. On that same basis, Plaintiff purports to represent a national class[1] of "[a]ll individuals who were sent medical bills by Defendants," and claims that all of "Defendants'" charges are too high, regardless of the provider, the services provided, or the location where services were provided. Compl. ¶ 7.3.

---

[1] The putative class definition does not explicitly limit itself to Washington residents or persons who received medical services in Washington.

DEFENDANTS' MOTION TO DISMISS OR, IN
THE ALTERNATIVE, STRIKE PLAINTIFF'S
CLASS ALLEGATIONS
(Case No. 3:20-cv-05428-TLF) - 1

LAW OFFICES
**CALFO EAKES & OSTROVSKY LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

1   Plaintiff's displeasure with how much she was charged does not mean she can manufacture

2   claims: (1) against entities who did not provide any services to her, and to whom she does not owe

3   a financial obligation; (2) based on inappropriate and conflicting theories of liability; or (3) on

4   behalf of an amorphous class not capable of being certified. Each of her causes of action should

5   be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. In

6   the event that any claims survive dismissal, Plaintiff's class allegations should be stricken under

7   Rules 12(f) and 23(d)(1)(D), as individual issues plainly would predominate over class-wide

8   issues, thus rendering Plaintiff's claims unsuitable for class treatment.

9   **ARGUMENT**

10  **I.    PLAINTIFF'S SHOTGUN ALLEGATIONS IMPERMISSIBLY GROUP**
    **DEFENDANTS AND DO NOT IDENTIFY WHICH OF THE DEFENDANTS**
11  **ENGAGED IN THE ALLEGEDLY UNLAWFUL CONDUCT**

12  As an initial matter, Federal Rule of Civil Procedure 8—which requires a complaint to

13  contain "a short and plain statement of the claim showing that the pleader is entitled to relief"—

14  does not permit a plaintiff to use conclusory "group pleading" to lump multiple parties together

15  under a single count. *See Snyder v. ACORD Corp.*, Civil Action No. 1:14-cv-01736-JLK, 2016

16  WL 192270, at *3 (D. Colo. Jan. 15, 2016) (complaint did not satisfy Rule 8 because "Plaintiffs

17  repeatedly bring their claims against 'Defendants' as an undifferentiated group" rather than explain

18  "what each defendant did [ ]; when the defendant did it; [and] how the defendant's action harmed

19  [each plaintiff]"); *Int'l Longshore & Warehouse Union v. Nelson*, No. 11-CV-5767 RBL, 2012

20  WL 1292446, at *3 (W.D. Wash. Apr. 16, 2012) (to satisfy the "basic elements of proper notice

21  pleading . . . 'it is particularly important . . . that the complaint make clear exactly *who* is alleged

22  to have done *what* to *whom*'") (quoting *Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d

23  1242, 1250 (10th Cir. 2008)).

24  Here, the crux of Plaintiff's Complaint is her dispute over an $821.00 charge for medical

25  services she received at the Hospital on January 15, 2019. However, Plaintiff does not distinguish

DEFENDANTS' MOTION TO DISMISS OR, IN
THE ALTERNATIVE, STRIKE PLAINTIFF'S
CLASS ALLEGATIONS
(Case No. 3:20-cv-05428-TLF) - 2

LAW OFFICES
**CALFO EAKES & OSTROVSKY LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

the roles of any of the Defendants (including several holding companies) in the context of her allegations. Save for CVEP, she does not allege the other Defendants had any role whatsoever. Plaintiff alleges only that she "received medical care by outsourced healthcare providers who were employees, contractors, representatives, agents, apparent agents, ostensible agents or who were otherwise related to Defendants." Compl. ¶ 6.3. In other words, Plaintiff impermissibly bundles the alleged conduct of the "outsourced health care provider" (i.e., CVEP) with all of the other named Defendants, and then summarily concludes that all Defendants are liable under all of her tortious and contractual claims. This failure to plead any individualized allegations against each Defendant falls far short of the pleading standard required by Rule 8, as it impossible to determine the scope of the alleged misconduct as to each Defendant. The Complaint should be dismissed on this basis.

## II.   PLAINTIFF'S CLAIMS SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

Dismissal is also warranted when a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim "has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663. "[T]hreadbare recitals of a cause of action's elements, supported by mere conclusory statements" are insufficient to survive a motion to dismiss. *Id.*; *see also Eclectic Properties E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014). Plaintiff's claims fail to meet this standard.

LAW OFFICES
**CALFO EAKES & OSTROVSKY LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

A.   **Each of Plaintiff's Claims Fails Because Plaintiff Does Not Allege She Actually Suffered Harm.**

Plaintiff asserts four causes of action against Defendants: negligence, breach of implied contract, common law procedural unconscionability, and common law substantive unconscionability. As a threshold matter, each of Plaintiff's claims fails because she does not allege facts demonstrating that she has been injured. While Plaintiff alleges she received bills for medical services, Compl. ¶ 6.4, she does not allege that she paid those bills, or that she was otherwise harmed by the issuance of such bills.

Plaintiff does not specifically allege what harm she personally suffered, but the Complaint alleges that the putative class suffered damages "either by unjust monies paid to Defendants, damage to Plaintiff's and the Class' credit rating and financial balance/net worth . . . or both." Compl. ¶ 8.22; *see also* Compl. ¶ 5.9 (alleging without explanation "Defendants' claim(s) were financial liabilities regardless of whether or not Plaintiff and the Class paid"). Since Plaintiff does not allege how she has been harmed, she has not pled facts demonstrating that she is an adequate class representative. The Supreme Court has repeatedly held that "a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *E. Tex. Motor Freight Sys. Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977) (quoting *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 216 (1974)); *see also Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003) ("[I]n class actions, the named representatives must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.").

Since Plaintiff does not allege any facts demonstrating that she has been harmed, the Complaint does not demonstrate that she has "a right to relief above the speculative level." *Twombly*, 550 U.S. at 545; *see also Nw. Indep. Forest Mfrs. v. Dep't of Labor & Indus.*, 78 Wn.

DEFENDANTS' MOTION TO DISMISS OR, IN
THE ALTERNATIVE, STRIKE PLAINTIFF'S
CLASS ALLEGATIONS
(Case No. 3:20-cv-05428-TLF) - 4

LAW OFFICES
**CALFO EAKES & OSTROVSKY LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

App. 707, 712, 899 P.2d 6 (1995) (damages are an essential element of claims for negligence and breach of contract). For this reason alone, Plaintiff has not stated a claim for relief.

**B.   Plaintiff Does Not Plausibly State a Negligence Claim.**

**1.   Plaintiff Does Not Allege a Legally Cognizable Duty Sounding in Tort.**

Plaintiff's negligence claim is based on an alleged breach by Defendants of a duty to "exercise reasonable care in billing Plaintiff and the Class reasonable and customary amounts for medical services." Compl. ¶¶ 8.5–8.8. This duty can only sound in contract, not tort.

"The threshold question of whether a duty of care is owed by defendants to plaintiff is a question of law." *Tift v. Snohomish Cty.*, 764 F. Supp. 2d 1247, 1256 (W.D. Wash. 2011). "Since a negligence action will not lie if a defendant owed a plaintiff no duty of care, the primary question is whether a duty of care existed." *Folsom v. Burger King*, 135 Wn.2d 658, 671, 958 P.2d 301 (1998).

"Washington courts decide whether to impose a duty of care based on considerations of 'logic, common sense, justice, policy, and precedent.'" *City of Seattle v. Monsanto Co.,* 387 F. Supp. 3d 1141, 1160 (W.D. Wash. 2019) (quoting *Isakson v. WSI Corp.*, 771 F. Supp. 2d 1257, 1263 (W.D. Wash. 2011)). Ultimately, a duty exists only if the defendant has "an obligation, to which the law will give recognition and effect, to conform to a particular standard of conduct toward another." *Transamerica Title Ins. Co. v. Johnson*, 103 Wn.2d 409, 413, 693 P.2d 697 (1985) (quoting W. Prosser, Torts § 53, at 331 (3d ed. 1964)). "The concept of foreseeability limits the scope of the duty owed. . . . Foreseeability is normally an issue for the jury, but it will be decided as a matter of law where reasonable minds cannot differ." *Christen v. Lee*, 113 Wn.2d 479, 492, 780 P.2d 1307 (1989).

Here, Plaintiff alleges no facts regarding any encounters or interactions she has had with Defendants that demonstrate they owed Plaintiff a common law duty of care—much less that they breached such a duty. Plaintiff generally alleges she "received medical care by outsourced

DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, STRIKE PLAINTIFF'S CLASS ALLEGATIONS
(Case No. 3:20-cv-05428-TLF) - 5

LAW OFFICES
**CALFO EAKES & OSTROVSKY LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

healthcare providers who were employees, contractors, representatives, agents, apparent agents, ostensible agents, or who were otherwise related to Defendants," Compl. ¶ 6.3, but CVEP is the only entity that is alleged to provide medical services. Compl. ¶ 2.4. The Complaint simply pleads no facts demonstrating that a relationship exists as between her and any of the other Defendants.

As to CVEP, the claim fails under Washington's independent duty doctrine, which "bars recovery in tort for economic losses suffered by parties to a contract unless the breaching party owed a duty in tort independent of the contract." *Pointe at Westport Harbor Homeowners' Ass'n v. Eng'rs Nw., Inc.*, 193 Wn. App. 695, 702–03, 376 P.3d 1158 (2016) (citing *Eastwood v. Horse Harbor Found., Inc.*, 170 Wn.2d 380, 393–94, 241 P.3d 1256 (2010)). Plaintiff has not alleged any facts or identified any legal basis for a <u>tort-based</u> duty of a health provider to charge "reasonable, usual and customary fees for medical services," Compl. ¶ 8.3. Rather, Plaintiff alleges, in her claim for breach of implied contract, that "[f]undamental <u>contract law</u> requires insertion of a usual and customary fee[.]" *Id.* ¶ 8.18 (emphasis added). Since Plaintiff seeks to enforce a duty that can only sound in contract based on the services she received from CVEP, Plaintiff has not stated a claim for negligence against any Defendant. *See Eastwood*, 170 Wn.2d at 389 ("Where no independent tort duty exists, tort does not provide a remedy.").

### 2. Plaintiff Has Not Alleged Any Facts Regarding How Defendants' Conduct Fell Below the Standard of Care.

Even if Plaintiff alleged facts demonstrating that Defendants owed her a duty (she has not), the Complaint fails because it is devoid of any factual allegations demonstrating <u>how</u> Defendants breached their duty—i.e., how they engaged in conduct that fell below the standard of care.

While the Complaint repeatedly alleges that Defendants billed Plaintiff "unreasonable" and "excessive" fees for medical services, Compl. ¶ 8.5, Plaintiff does not allege which Defendant(s) sent her bills, and she similarly alleges no facts supporting the conclusion that such bills were for unreasonable amounts. In fact, Plaintiff does not even allege the services for which she was billed

DEFENDANTS' MOTION TO DISMISS OR, IN
THE ALTERNATIVE, STRIKE PLAINTIFF'S
CLASS ALLEGATIONS
(Case No. 3:20-cv-05428-TLF) - 6

LAW OFFICES
**CALFO EAKES & OSTROVSKY LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200    FAX (206) 407-2224

or what circumstances prompted the provision of those services. Thus, Plaintiff has not alleged sufficient facts to demonstrate Defendants' conduct fell below any legally cognizable standard of care. *See, e.g.*, *Majors v. United States*, No. 2:17-CV-0273-TOR, 2018 WL 5621971, at \*4 (E.D. Wash. Oct. 30, 2018) (plaintiff failed to state a plausible claim for a breach of the duty of care because she did not plead any facts demonstrating how the medical care rendered failed to conform to the applicable standard of care).

Since Plaintiff has not alleged (nor can she allege) a legally cognizable duty and has not alleged facts indicating that Defendants' conduct fell below any recognized standard of care, the negligence claim should be dismissed without leave to amend.

### C.   Plaintiff Fails to State a Claim for Breach of Implied Contract.

The Complaint likewise does not allege sufficient facts to state a claim for breach of an implied contract. *See, e.g.*, *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010) ("We do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations.") (citations omitted); *see Denton v. Dep't Stores Nat. Bank*, No. C10-5830RBL, 2011 WL 3298890, at \*5 (W.D. Wash. Aug. 1, 2011) ("Although plaintiff's complaint states, in a conclusory fashion, that defendant breached the contract, she does not identify any provision breached.").

The distinction between an express and implied contract involves "no difference in legal effect, but lies merely in the mode of manifesting assent." Rest. (2d) of Contracts § 4; *see McKevitt v. Golden Age Breweries Inc.*, 14 Wn.2d 50, 52, 126 P.2d 1077 (1942) (similar). An implied contract is an agreement "arrived at from [the parties'] acts and conduct viewed in the light of surrounding circumstances, and not from their words either spoken or written. Like an express contract, it grows out of the intentions of the parties to the transaction, and there must be a meeting of minds." *Milone & Tucci, Inc. v. Bona Fide Builders, Inc.*, 49 Wn.2d 363, 368, 301 P.2d 759 (1956).

DEFENDANTS' MOTION TO DISMISS OR, IN
THE ALTERNATIVE, STRIKE PLAINTIFF'S
CLASS ALLEGATIONS
(Case No. 3:20-cv-05428-TLF) - 7

LAW OFFICES
**CALFO EAKES & OSTROVSKY LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

A claim for breach of an implied contract is properly dismissed where the complaint does "not specify the offer (the terms of the offer), the acceptance (the terms accepted) or the consideration of an implied contract." *Armijo v. Yakima HMA, LLC*, 868 F. Supp. 2d 1129, 1142 (E.D. Wash. 2012). Failure to adequately allege a breach similarly requires dismissal of a contract claim. For example, in *Denton v. Dep't Stores Nat. Bank*, the court dismissed a breach of contract claim as inadequately pled, reasoning: "Although plaintiff's complaint states, in a conclusory fashion, that defendant breached the contract, she does not identify any provision breached. Failing to do so fatally undermines her claim." 2011 WL 3298890, at *5–6.

As in *Denton*, Plaintiff's factually deficient claims are insufficient to state a claim for breach of contract against any entity. Plaintiff has not alleged what representations CVEP (or any other Defendant) made, how those representations were communicated, or what Plaintiff promised in return. The Complaint does not describe the intake procedures at the Hospital, which conceivably could alter the terms and circumstances of any implied contract. Similarly, the Complaint does not allege any facts regarding Plaintiff's interactions with Defendants, including, for example, with respect to correspondences that accompanied the medical bills Plaintiff received.[1] These and other facts would inform this Court as to the nature of the promises each party made with respect to the implied contract Plaintiff purports to allege.

Instead of alleging such facts, Plaintiff's implied contract claim rests on the following conclusory allegations: (1) Plaintiff "did not choose her medical provider by name and specifically did not choose any Defendants"; (2) "Defendants provided medical service to Plaintiff"; (3) "Defendants did not obtain a written contract to perform such services"; (4) Defendants did not

---

[1] Plaintiff alleges that "no documents discussing actual fees were proffered to Plaintiff and the Class, and no reference was made to Plaintiff and the Class regarding obtaining a fee schedule." *See* Compl. ¶ 8.17. However, Plaintiff does not make any allegations regarding what documents she did receive from Defendants, which would bear directly on the nature of the parties' agreement. Plaintiff similarly fails to allege facts regarding any explanation of benefits she received from her insurance provider.

DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, STRIKE PLAINTIFF'S CLASS ALLEGATIONS
(Case No. 3:20-cv-05428-TLF) - 8

LAW OFFICES
**CALFO EAKES & OSTROVSKY LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

obtain an oral contract to perform; and (5) while Plaintiff never received information about the cost of medical services, the parties "had a mutual understanding that medical services would be provided for a usual and customary fee." Compl. ¶¶ 8.11–8.16. Based on these allegations, Plaintiff alleges Defendants breached the parties' implied contract and the implied covenant of good faith and fair dealing by charging "exorbitant and unreasonable fees and [the] resulting claim(s) based on such fees." Compl. ¶¶ 8.22–8.23. Plaintiff provides no explanation regarding what she means by the "resulting claim(s)." Nor does Plaintiff explain how a discussion of the costs of these services prior to administering them would not violate EMTALA.

Plaintiff's allegations provide no indication regarding the circumstances surrounding Plaintiff's relationship with Defendants (from inception to the present day) or the conduct of the parties with respect to formation of the implied contract. Plaintiff's conclusory allegation that the parties shared "a mutual understanding that medical services would be provided for a usual and customary fee," Compl. ¶ 8.16, is not—on its own—factually sufficient to state an implied contract claim. *See Armijo*, 868 F. Supp. 2d at 1133 (dismissing implied contract claim that did not set forth facts that would "plausibly give rise to an entitlement to relief").

Similarly, Plaintiff provides no factual support for her ipse dixit allegation that the usual and customary fee for medical services should not exceed the amounts that Defendants charge major private health insurance plans for the same services. Compl. ¶ 7.3. Plaintiff alleges the amount of the bill she received, Compl. ¶ 6.4, but does not plead facts indicating such charges actually exceed the rates Defendants or other similar providers typically charge for such services. In fact, Plaintiff does not even allege what services she received, the amounts Defendants billed her insurance for those services, or the amounts her insurance paid for them. Nor does she allege any other facts as to why costs paid by third party insurance companies relate to her implied contract with Defendants.

DEFENDANTS' MOTION TO DISMISS OR, IN
THE ALTERNATIVE, STRIKE PLAINTIFF'S
CLASS ALLEGATIONS
(Case No. 3:20-cv-05428-TLF) - 9

LAW OFFICES
**CALFO EAKES & OSTROVSKY LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

1   As a result, Plaintiff's claim fails to provide Defendants and this Court with sufficient

2   factual information to determine whether she has stated a claim for breach of an implied contract.

3   *See, e.g.*, *Stender v. Twin City Foods, Inc.*, 82 Wn.2d 250, 254, 510 P.2d 221 (1973)

4   ("Determination of the intent of the contracting parties is to be accomplished by viewing the

5   contract as a whole, the subject matter and objective of the contract, all the circumstances

6   surrounding the making of the contract, the subsequent acts and conduct of the parties to the

7   contract, and the reasonableness of respective interpretations advocated by the parties."). And to

8   the extent Plaintiff intends to allege Defendants breached their duty of good faith and fair dealing,

9   that claim fails for the same reasons. *See Mayer v. Pierce Cty. Med. Bureau, Inc.*, 80 Wn. App.

10  416, 422, 909 P.2d 1323 (1995) (implied duty of good faith and fair dealing does not create new

11  contractual obligations and "only arises in connection with terms agreed to by the parties.").

12  In sum, Plaintiff has not adequately pled a cause of action for breach of implied contract

13  because she fails to allege facts regarding the parties' respective promises to each other or the

14  conduct or words from which those promises were derived. *Twombly*, 550 U.S. at 545 ("[A]

15  plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than

16  labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.").

17  Accordingly, Plaintiff's breach of implied contract claim should be dismissed.

18  **D.      Plaintiff Fails to State a Procedural Unconscionability Claim.**

19  Plaintiff fails to allege sufficient facts to state a claim for procedural unconscionability

20  based on Defendants' purported contracts of adhesion and business practices allegedly designed

21  to charge patients excessive fees. Compl. ¶ 8.25.

22  Procedural unconscionability involves "blatant unfairness in the bargaining process and a

23  lack of meaningful choice." *Riley v. Iron Gate Self Storage*, 198 Wn. App. 692, 710, 395 P.3d

24  1059 (2017). "Procedural unconscionability is determined in light of the totality of the

25  circumstances, including (1) the manner in which the parties entered into the contract, (2) whether

DEFENDANTS' MOTION TO DISMISS OR, IN
THE ALTERNATIVE, STRIKE PLAINTIFF'S
CLASS ALLEGATIONS
(Case No. 3:20-cv-05428-TLF) - 10

LAW OFFICES
**CALFO EAKES & OSTROVSKY LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

the parties had a reasonable opportunity to understand the terms, and (3) whether the terms were hidden in a maze of fine print." *Id.*

Here, Plaintiff does not allege any facts regarding the manner in which she entered into a contract with Defendants or whether the parties had a reasonable opportunity to understand the terms. Plaintiff cannot state a claim for procedural unconscionability without alleging any facts regarding the circumstances surrounding, or terms of, the implied contract upon which she purports to sue. Moreover, since Plaintiff alleges an implied contract, the third consideration regarding the written terms of the contract is inapplicable.

Plaintiff's conclusory allegation that she entered into a contract of adhesion does not cure the deficiencies in her claim. The Washington Supreme Court has explained that "to the extent that the characterization of a contract as an adhesion contract has any relevance to determining the validity of a contract, it is only in looking for procedural unconscionability." *Yakima Cty. (W. Valley) Fire Prot. Dist. No. 12 v. City of Yakima*, 122 Wn.2d 371, 393, 858 P.2d 245 (1993). Whether a contract is an adhesion contract depends on "(1) whether the contract is a standard form printed contract, (2) whether it was 'prepared by one party and submitted to the other on a "take it or leave it" basis,' and (3) whether there was 'no true equality of bargaining power' between the parties." *Id.*

Here, no written contract is alleged. Further, Plaintiff alleges no facts regarding her encounters with Defendants in support of her conclusory allegation that Defendants "conduct their business by way of contracts of adhesion." Compl. ¶ 8.25. Instead, Plaintiff alleges that she "specifically did not choose her medical provider by name and specifically did not choose any Defendants." *Id.* ¶ 8.11. But while Plaintiff may not have chosen her providers, Defendants similarly did not choose their patients. In the context of emergency medicine, medical providers are prohibited from delaying or refusing to provide screening and treatment in order to inquire about the individual's insurance status or ability to pay. *See* 42 U.S.C. § 1395dd (a), (b), (h) ("A

DEFENDANTS' MOTION TO DISMISS OR, IN
THE ALTERNATIVE, STRIKE PLAINTIFF'S
CLASS ALLEGATIONS
(Case No. 3:20-cv-05428-TLF) - 11

LAW OFFICES
**CALFO EAKES & OSTROVSKY LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

participating hospital may not delay provision of an appropriate medical screening examination . . . or further medical examination and treatment . . . in order to inquire about the individual's method of payment or insurance status.") Thus, Plaintiff's allegation that she did not choose her providers does not establish a contract of adhesion.

Plaintiff's conclusory allegation that she is "required to pay amounts determined by Defendants" and that she "lack[s] meaningful negotiating power" with respect to those bills because she is not "sophisticated and powerful" is likewise unsupported by factual allegations. Compl. ¶¶ 4.6–4.7. For example, Plaintiff does not allege: (1) what attempts, if any, she made towards negotiating her medical bills; (2) that she actually paid those bills; or (3) whether she has insurance, and if so, whether her insurance paid her bills. *See generally* Compl. Thus, Plaintiff has not pled facts demonstrating a contract of adhesion. Compl. ¶ 8.25.

Since Plaintiff's procedural unconscionability claim is based exclusively on the allegedly adhesive nature of the contract, and she has not alleged facts indicating a contract of adhesion, the claim should be dismissed.

### E.   Plaintiff Fails to State a Substantive Unconscionability Claim.

Plaintiff's claim for substantive unconscionability is based on Defendants allegedly billing excessive fees for medical services and engaging in business practices designed to that end. Compl. ¶¶ 1.5, 8.26–8.28. It does not state a claim upon which relief can be granted.

"Substantive unconscionability involves cases where a clause or term in the contract is one-sided or overly harsh." *Riley*, 198 Wn. App. at 711. "However, such unfairness must truly stand out; 'shocking to the conscience,' 'monstrously harsh,' and 'exceedingly calloused' are terms sometimes used to describe substantive unconscionability." *Id*.

But Plaintiff does not allege an unfair contract. To the contrary, she alleges the parties "had a mutual understanding that medical services would be provided for a usual and customary fee." Compl. ¶ 8.16. This is the only allegation in the Complaint that reflects the terms of the purported

DEFENDANTS' MOTION TO DISMISS OR, IN
THE ALTERNATIVE, STRIKE PLAINTIFF'S
CLASS ALLEGATIONS
(Case No. 3:20-cv-05428-TLF) - 12

LAW OFFICES
**CALFO EAKES & OSTROVSKY LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

agreement between Plaintiff and Defendants. *See generally* Compl. Thus, Plaintiff judicially admits that the alleged payment terms of the agreement were "usual and customary"—i.e., fair—which falls well short of substantive unconscionability. *Riley*, 198 Wn. App. at 711. To the extent Plaintiff alleges she received bills for medical services in excess of that rate, such allegation would appear to relate to the performance of the contract and be ancillary to its substantive terms.

Thus, Plaintiff's substantive unconscionability claim should be dismissed because she has not alleged the existence of an implied contract containing unfair terms.

## III.   THE COURT SHOULD STRIKE THE CLASS ALLEGATIONS

The Court should strike Plaintiff's class allegations because: (1) Plaintiff has not alleged facts demonstrating her claims are common to those of the putative class and individual issues predominate over class claims; and (2) a three-year statute of limitations applies to the claims.

Under Federal Rule of Civil Procedure 12(f), a court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." A court may also "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." Fed. R. Civ. P. 23(d)(1)(D). "Striking allegations under Rule 12(f) is primarily used "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Cashatt v. Ford Motor Co.*, No. 3:19-CV-05886-RBL, 2020 WL 1987077, at *4 (W.D. Wash. Apr. 27, 2020) (quoting *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1139 (N.D. Cal. 2010)).

"[A] court may strike class allegations if the plaintiff '[can]not make a *prima facie* showing of Rule 23's prerequisites or that discovery measures [are] likely to produce persuasive information substantiating the class action allegations.'" *Id.* (quoting *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009)). Courts have cut off class claims even where little-to-no discovery has taken place when striking such claims is warranted, as is the case here. *See id.*

DEFENDANTS' MOTION TO DISMISS OR, IN
THE ALTERNATIVE, STRIKE PLAINTIFF'S
CLASS ALLEGATIONS
(Case No. 3:20-cv-05428-TLF) - 13

LAW OFFICES
**CALFO EAKES & OSTROVSKY LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

### A.     Common Questions of Law or Fact Do Not Predominate.

Plaintiff's class allegations should be stricken because she has not pled facts demonstrating there are questions of law or fact common to the putative class that will predominate over individual issues, as required by Rule 23(a) and (b).

Plaintiff's class allegations must demonstrate that Plaintiff's claims "depend upon a common contention" that is "capable of classwide resolution." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). For class actions seeking monetary damages, Rule 23(a)(2)'s commonality requirement is subsumed under Rule 23(b)(3)'s more stringent requirement that "questions of law or fact common to class members predominate over any questions affecting only individual members." *See Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 609 (1997). The "predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016) (quoting *Amchem*, 521 U.S. at 623).

Common questions exist where the "same evidence will suffice for each member to make a prima facie showing [or] the issue is susceptible to generalized, class-wide proof." *Id.* (quoting 2 Newberg on Class Actions § 4.50). When considering whether common issues predominate, the court should begin with "the elements of the underlying cause of action." *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 809 (2011). At the pleadings stage, courts have stricken class allegations where an element to the plaintiff's claims inherently involves individualized inquiries. *See, e.g., Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1152–53 (N.D. Cal. 2010) (individualized questions about causation and reliance made class action unfeasible).

Here, Plaintiff's class definition will necessitate individualized inquiries regarding the actual medical services each member of the putative class was billed for, the market in which the medical services were rendered, and the dates of each service. Similarly, individualized inquiries will be necessary to determine, for example, whether members of the putative class actually paid

DEFENDANTS' MOTION TO DISMISS OR, IN
THE ALTERNATIVE, STRIKE PLAINTIFF'S
CLASS ALLEGATIONS
(Case No. 3:20-cv-05428-TLF) - 14

LAW OFFICES
**CALFO EAKES & OSTROVSKY LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

their bills (i.e., incurred damages), attempted to negotiate those bills, or had knowledge regarding whether the facilities in which they received treatment contracted with out-of-network providers. Substantial statute of limitations issues are also likely to complicate the class claims since Plaintiff's negligence, breach of implied contract, and derivative unconscionability claims would be subject to different limitation periods depending on the states where members of the putative class received treatment. Thus, Plaintiff's class allegations are not "sufficiently cohesive to warrant adjudication by representation," *Tyson Foods*, 136 S. Ct. at 1045, and should be stricken.

**B.**    **Plaintiff Seeks to Represent Putative Class Members for Claims Outside the Applicable Statute of Limitations Period.**

Plaintiff's class definition also exceeds the applicable three-year statutes of limitations. *See Dunn v. City of Seattle,* 420 F. Supp. 3d 1148, 1157 (W.D. Wash. 2019) (citing RCW 4.16.080(2)) (three-year statute of limitations for negligence actions); *Peiffer v. Pro-Cut Concrete Cutting & Breaking Inc.*, 6 Wn. App. 2d 803, 816, 431 P.3d 1018 (2018), review denied, 193 Wn.2d 1006, 438 P.3d 115 (2019) (citing RCW 4.16.080(3)) (three-year statute of limitations for actions on implied contracts).  Plaintiff's class definition including individuals sent medical bills in the past six years, Compl. ¶ 7.3, is thus overly broad and should be stricken.

## CONCLUSION

Plaintiff's Complaint is rife with vague allegations and legal conclusions, and devoid of sufficient facts to state a claim. For the reasons discussed herein, Defendants respectfully request that the Court dismiss the entirety of Plaintiff's Complaint against all Defendants, or, in the alternative, strike Plaintiff's class allegations.

The parties met and conferred by telephone regarding this motion on May 18, 2020.

LAW OFFICES
**CALFO EAKES & OSTROVSKY LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

1

DATED this 20th day of May, 2020

2

CALFO EAKES & OSTROVSKY LLP

3

4

By: */s/ Angelo J. Calfo*

5

Angelo Calfo, WSBA #27079
Emily Dodds Powell, WSBA #49351
1301 Second Ave., Suite 2800
Seattle, WA 98101
Tel: (206) 407-2210 / Fax: (206) 407-2224
Email: angeloc@calfoeakes.com
        emilyp@calfoeakes.com

6

7

8

EPSTEIN BECKER GREEN

9

10

R. David Jacobs, (*pro hac vice*)
Jonah D. Retzinger, (*pro hac vice*)
Brock Seraphin, (*pro hac vice*)
1925 Century Park East, Suite 500
Los Angeles, CA 90067-2506
Tel:  310.556.8861
Fax: 310-553-2156
Email: DJacobs@ebglaw.com
        JRetzinger@ebglaw.com
        BSeraphin@ebglaw.com

11

12

13

14

15

*Attorneys for Defendants*

16

17

18

19

20

21

22

23

24

25

DEFENDANTS' MOTION TO DISMISS OR, IN
THE ALTERNATIVE, STRIKE PLAINTIFF'S
CLASS ALLEGATIONS
(Case No. 3:20-cv-05428-TLF) - 16