HON. BENJAMIN H. SETTLE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ISELA M. MALDONADO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COLUMBIA VALLEY EMERGENCY PHYSICIANS, LLC; EMCARE, INC., EMCARE HOLDINGS INC., ENVISION HEALTHCARE HOLDINGS, INC., AND ENVISION HEALTHCARE CORPORATION,<br><br>Defendants. | Case No. 3:20-CV-05428 BHS TLF<br><br>**PARTIES' JOINT RULE 26(F) REPORT** |

Pursuant to Fed. R. Civ. P. 26(f), LCR 26(f), and the Court's May 22, 2020 Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement (Dkt. 28),[1] Plaintiff Isela Maldonado ("Plaintiff") and Defendants Columbia Valley Emergency Physicians, LLC; Emcare, Inc.; Emcare Holdings, Inc.; Envision Healthcare Holdings, Inc.; and Envision Healthcare Corporation ("Defendants") submit the following Joint Status Report.

---

[1] The deadlines in the Court's May 22, 2020 Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement were extended by the Court's subsequent Orders.  (Dkt 34, 39).

PARTIES' JOINT RULE 26(F) REPORT
(Case No. 3:20-CV-05428 BHS TLF) - 1

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200    FAX (206) 407-2224

1    In accordance with Fed. R. Civ. P. 26(f) and LCR 26(f)(1), counsel for the Parties conferred

2    by telephone on June 8, 2020, and September 24, 2020, to discuss the matters set forth in this Joint

3    Status Report.  Plaintiff was represented by Ben Feiler of McGEHEE  ★  CHANG, LANDGRAF,

4    FEILER, and Defendants were represented by David Jacobs and Jonah Retzinger of Epstein

5    Becker & Green, P.C.; and Emily Powell of Calfo Eakes LLP.  The Parties jointly submit this

6    report setting forth the Parties' agreements and respective positions.

7    **1.     STATEMENT OF THE NATURE AND COMPLEXITY OF THE CASE**

8           **A.     Chronology of the Case**

9           Plaintiff filed this action in Thurston County Superior Court on April 1, 2020.  Plaintiff's

10   Complaint included four causes of action: (i) negligence; (ii) breach of implied contract; (iii)

11   common law procedural unconscionability; and (iv) common law substantive unconscionability.

12   (Dkt. 1-1 at 17-21).  On May 6, 2020, Defendants properly removed this action under CAFA.

13   (Dkt. 1-4).  On May 20, 2020, Defendants timely moved to: (i) dismiss Plaintiff's complaint

14   pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted;

15   and (ii) strike Plaintiff's class allegations pursuant to Fed. R. Civ. P. 12(f).  (Dkt 26).  On August

16   12, 2020, U.S. Magistrate Judge Theresa L. Fricke issued a report and recommendation on

17   Defendants' motion, recommending that: (i) Defendants' motion to dismiss be granted as to

18   Plaintiff's  negligence, common law procedural unconscionability, and common law substantive

19   unconscionability claims, and denied as to Plaintiff's breach of implied contract claim; and (ii)

20   Defendants' motion to strike be denied.[2]  (Dkt. 40).  Neither Plaintiff nor Defendants objected to

21   Judge Fricke's report and recommendation.  On September 9, 2020, the Court issued an Order

22   adopting Judge Fricke's report and recommendation and dismissed Plaintiff's claims for

23   negligence, common law procedural unconscionability, and common law substantive

24   _____

25   [2] In recommending that Defendants' motion to strike be denied, Judge Fricke acknowledged that
     Plaintiff "agreed to limit her claims to the applicable statute of limitations."  (Dkt. 40 at 15).

PARTIES' JOINT RULE 26(F) REPORT
(Case No. 3:20-CV-05428 BHS TLF) - 2

unconscionability.  The Court also denied Defendants' motion to strike Plaintiff's class action allegations without prejudice.  (Dkt. 41).

### B.   Statement of the Case

#### i.   Plaintiff's Statement of the Case

For additional information relating to this case, please see Plaintiff's Original Complaint which is incorporated herein by reference as if fully set forth herein.

This is a consumer class action concerning allegations of widespread price gouging by Defendants in relation to the medical bills they sent and continue to send to patients (Plaintiff and the Class) throughout the state of Washington and the United States after said patients received emergency medical treatment from Defendants.  Plaintiff asserts a claim for breach of implied contract to bill fairly for medical services provided.  Plaintiff also seeks a permanent injunction to put a stop to Defendants' billing practices and claims for punitive damages.

This lawsuit is brought by Plaintiff, individually and on behalf of other similarly situated persons (i.e. class members), who were billed for, and/or paid monies to Defendants based upon, objectively unreasonable and excessive rates above the usual and customary fees for similar medical services.  Together, Defendants structured their business enterprises and formed "outsource provider" relationships with hospitals and other medical facilities in order to gouge those in need of emergent medical care by foisting unreasonable and excessive fees on such patients.

These patients have no bargaining power with respect to who treats them, the treatment they receive or its cost, as they are in need of emergent care.  It is a "no choice" situation.  Then, after the fact, these same patients, including Plaintiff, are sent and expected to pay surprise, unreasonably high, excessive and egregiously overpriced medical bills for the alleged services provided.  Defendants billing practices amount to a breach of implied contract to bill fairly for services provided.

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

Plaintiff should receive bills for medical services at the usual and customary rates; that is, rates paid by major insurance companies and state and federal governments.  Rates paid by parties whose sophistication, bargaining power, and ability to negotiate match that of Defendants.  Bills for services, particularly surprise bills, are always wrong when such bills are gouging – unreasonable and excessive – and therefore not usual and customary.

This is a consumer class action lawsuit involving such gouging of medical costs.  Plaintiff was billed excessive fees after the fact, in a surprise fashion, by Defendants.  In other words, Plaintiff and class members were presented with bills for excessive fees through no fault of their own.  Unlike sophisticated and powerful corporate, business and government entities, Plaintiff and class members lack meaningful negotiating power regarding such excessive fees.  Plaintiff and class members are required to pay amounts determined by Defendants.  The amount billed, charged, and/or paid to Defendants is objectively unreasonable and at excessive rates above the usual and customary fees for similar medical services.  It is price gouging, and Defendants' conduct amounts toa breach of implied contract to bill fairly for services provided.

As a result of Defendants' failure to utilize reasonable fee structures when billing Plaintiff and the Class, Plaintiff and the Class were price gouged and seek actual and punitive damages, as well as a permanent injunction to prevent Defendants from further damaging Plaintiff and all putative Class members.  Plaintiff further plead a claim for breach of implied contract to bill fairly for the services provided.

### ii.        Defendants' Statement of the Case

Plaintiff's Complaint alleges that on January 15, 2019, Plaintiff sought and received medically necessary emergency health care services in the emergency room of Trios Southridge Hospital from health care providers affiliated with Defendant Columbia Valley Emergency Physicians, LLC ("CVEP") and Plaintiff later received a bill for $821.00.  Plaintiff alleges that $821.00 was an unreasonable and excessive amount for the emergency health care provided to her,

PARTIES' JOINT RULE 26(F) REPORT
(Case No. 3:20-CV-05428 BHS TLF) - 4

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200    FAX (206) 407-2224

and CVEP and EmCare, Inc., EmCare Holdings, Inc., Envision Healthcare Holdings, Inc. and Envision Healthcare Corporation (allegedly alter-egos to which CVEP allegedly transferred "billing and revenue rights for medical services provided by [CVEP]") breached an implied contract.  Plaintiff further purports to represent a national class of "[a]ll individuals who were sent medical bills by Defendants…that exceed the highest in-network amount paid by major private health insurance plans for such services."

Defendants deny Plaintiff's substantive allegations.  Defendants deny that the amounts charged to Plaintiff for the services rendered (or the amounts charged for services rendered by any physician practice affiliated with Defendants to any patient) are unreasonable or excessive.  Defendants further deny that Plaintiff represents a certifiable class.

**C.     Statement of the Issues**

**i.         Plaintiff's Statement of the Issues**

Plaintiff identifies the following issues for the Court:

(i)      whether the billed amounts exceeded the usual and customary cost of similar services;

(ii)     whether the billed amounts exceeded the maximum amount paid by major health insurance carriers for the same or similar medical services at in network rates;

(iii)    whether Defendants billed for medical services at unreasonable and excessive rates;

(iv)     whether Defendants created and/or participated in a complicated alter-ego business structure to bill for medical services at unreasonable and excessive rates;

(v)      whether Defendants were intentional in billing for medical services at unreasonable and excessive rates;

(vi)     whether Defendants took reasonable steps and measures to ensure that bills for medical services were not unreasonable and/or excessive;

(vii)    whether Defendants breached a term of an implied contract by charging Plaintiff $821.00 for services provided when said rate far exceeds the usual and customary rate for services provided.

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

### ii.      Defendants' Statement of the Issues

In light of the Court's Order dismissing all of Plaintiff's claims other than Plaintiff's claim for breach of implied contract, there are only two issues that need to be adjudicated:

(i)      whether Plaintiff can prove that she satisfies the certification requirements set forth in Fed. R. Civ. P. 23(a) and is a proper representative of a certifiable class; and

(ii)     whether Plaintiff can prove that CVEP breached a term of an implied contract by charging Plaintiff $821.00 for the services provided to her by CVEP.

## 2.     DEADLINE FOR JOINDER OF PARTIES

The Parties agree that the proposed deadline for joinder of additional parties shall be **January 8, 2021** (for Plaintiff) and **February 12, 2021** (for Defendants).

## 3.     FED. CIV. P. R. 26(f)(3) PROPOSED DISCOVERY PLAN

### A.      Initial Disclosures

The Court July's 28 Order to Continue Deadlines and Stay Discovery (Dkt. 39) provided that the deadline for initial disclosures was continued to September 15, 2020.  On September 15, 2020, Defendants timely served their initial disclosures.  Plaintiff served her initial disclosures on September 18, 2020.[3]

### B.      Subjects, Timing, and Potential Phasing of Discovery

#### i.      Discovery Phasing

##### 1.      Plaintiff's Position

Plaintiff contends that no discovery phasing is needed, and that discovery should be permitted on all issues in the case from the outset, including but not limited to, issues relating to Plaintiff's individual claims and those concerning the Class.  The issues in the case are simple and

---

[3] On September 15, 2020, Plaintiff served a draft joint status report and discovery plan with amended deadlines for service of initial disclosures.  Based on prior conversations, Plaintiff was under the belief that the parties would exchange initial disclosures on an agreed upon date. Plaintiff subsequently served her initial disclosures to Defendants on September 18, 2020 after receiving Defendants' initial disclosures.

PARTIES' JOINT RULE 26(F) REPORT
 (Case No. 3:20-CV-05428 BHS TLF) - 6

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200    FAX (206) 407-2224

1  discovery relating to Plaintiff's individual issues should be able to be completed in a short

2  timeframe. Accordingly, to the extent discovery in the case is bifurcated into two phases, the initial

3  phase should be shorter than requested by Defendants. Further, Plaintiff must be permitted to

4  conduct discovery on all issues of Class certification from the outset, including but not limited to,

5  class size, total class damages, and other issues re class certification.

## 2.      Defendants' Position

7          Defendants propose that discovery in this matter be bifurcated and proceed in two phases.

8  The first phase of discovery would be limited to discovery related to the named Plaintiff's

9  individual claims and class certification issues (that is, whether Plaintiff's claims satisfy each of

10  the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure).

11  The scope of the second phase of discovery would depend upon the Court's ruling on class

12  certification. If Plaintiff's anticipated motion for class certification is denied, the Parties would

13  proceed to conclude any remaining discovery necessary to adjudicate the named Plaintiff's

14  individual claim, and a trial could proceed reasonably soon thereafter. If class certification is

15  granted and a class is certified, the parties would then conduct discovery on issues relating to class

16  notice and the merits of the class claims.  Defendants proposed phased discovery would serve the

17  ends of judicial economy and efficiency and permit the Court to determine "at an early practicable

18  time" whether Plaintiff's class claims satisfy the standards under Rule 23 of the Federal Rules of

19  Civil Procedure and are appropriate for class action treatment. *See* Manual for Complex Litigation

20  (Fourth) § 21.14 ("Courts often bifurcate discovery between certification issues and those related

21  to the merits of the allegations."). Indeed, "in cases that are unlikely to continue if not certified,

22  discovery into aspects of the merits unrelated to certification delays the certification decision and

23  can create extraordinary and unnecessary expense and burden."  *Id.*[4]  Phased discovery in this

---

[4] *See also Bess v. Ocwen Loan Servicing, LLC*, C15-5020, 2018 WL 3625335, at *2 (W.D. Wash. May 10, 2018) (finding in another class action that "the best route for proceeding is to approve a phased discovery plan with a precertification phase…").

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

action with also serve the principles underlying the proportionality limitation set forth in Fed. R. Civ. P. 26(b)(1), in that it properly restricts discovery only to those issues relevant and proportional to the pre-class certification stage of the case – that is, the merits of Plaintiff's individual claims and whether Plaintiff's proposed class claims satisfy the requirements of Fed. R. Civ. P. 23. *See* Fed. R. Civ. P. 26(b)(1). Moreover, Defendants cannot anticipate or estimate realistic deadlines for post-certification events prior to resolution of any class certification issues as the resolution of such issues necessarily affects the future progress of the litigation, the phase two discovery that may be required, and the time necessary to bring the litigation to a final disposition.

The discovery approach proposed by Plaintiff does not further the judicial economy and proportionality considerations served by Defendants' proposed phased approach. Certain items identified by Plaintiff as subject to discovery relate to the merits of the putative class claims and are more appropriate for post-class certification discovery (if a class is certified). Such proposed discovery by Plaintiff includes discovery into: (i) "Defendants' manage care agreements with major third-party insurance companies;" (ii) "Defendants' annual revenues and net worth," (iii) "[the] [a]mounts paid for medical services to Defendants by major insurance companies…"; and (iv) unspecified "[o]ther items set forth in Plaintiff's discovery requests not stated herein." *See infra* Section 3(B)(iii)(1) of this Rule 26(f) Joint Report. Such discovery would be extremely burdensome discovery relating to highly confidential documents and information, and it is unnecessary prior to class certification.

Defendants' proposal is not intended to create unnecessary or excessive discovery disputes, and Defendants acknowledge that certain documents are appropriate for pre-class certification discovery. *See infra* Section 3(B)(iii)(2) of this Rule 26(f) Joint Report. Accordingly, Defendants request that the Court order that discovery be bifurcated and establish a schedule for the initial phase of discovery and for briefing on Plaintiff's anticipated motion for class certification as set forth in Defendants' proposed schedule below. Following resolution of the class certification

PARTIES' JOINT RULE 26(F) REPORT
(Case No. 3:20-CV-05428 BHS TLF) - 8

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200    FAX (206) 407-2224

issue, if any, Defendants propose that the Parties submit a further joint statement and proposed schedule to address what discovery, if any, remains for the second phase of discovery, the time for completion of the second phase of discovery, and any further deadlines for dispositive motions, pre-trial matters, and trial.

ii.        **Discovery Schedule**

1.        **Plaintiff's Position:**

*Fact Witness Disclosure:*

List all fact witnesses who will either testify or be deposed, giving their name, title, address and a brief summary of their testimony.  It is insufficient to list witnesses' addresses, save for clients, "in care of counsel."

- Plaintiff shall serve Defendants with a list of fact witnesses, per above, by **January 8, 2021**.

- Defendants shall serve Plaintiff with a list of fact witnesses, per above, by **February 26, 2021**.

*Expert Witnesses*:

List all experts who will testify at the trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony.

- Plaintiff shall serve Defendants with a list of expert witnesses, per above, by **March 26, 2021**.

- Defendants shall serve Plaintiff with a list of expert witnesses, per above, by **April 23, 2021**.

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

*Trial Exhibits*:

      The parties shall serve and exchange trial exhibit lists by **August 27, 2021**.

      Reports from retained experts under Rule 26(a)(2) due:

           from Plaintiff(s) by **April 23, 2021**.

           from Defendant(s) by **June 25, 2021**.

*Supplementation:*

      Supplementation under Rule 26(e) is due within 30 days after any party learns that in some material respect any disclosure or response is incomplete or incorrect. Under no circumstances shall supplementation under Rule 26(e) occur after **August 27, 2021**.

      All discovery is to be commenced in time to be complete by **August 27, 2021**.

## 2.      Defendants' Position:

      Defendants contend that phased discovery is appropriate in this action and that the Court should bifurcate discovery into two phases with the first phase (*i.e.*, Phase I) limited to discovery regarding class certification issues and the merits of the named Plaintiff's individuals claims and the second phase (*i.e.*, Phase II) dependent on the resolution of any class certification issues raised by Plaintiff. Accordingly, the following discovery schedule proposed by Defendants anticipates phased discovery and sets forth the deadlines for Phase I of discovery. At this stage in the litigation, Defendants cannot accurately propose a discovery plan for Phase II discovery as such discovery will necessarily depend on the resolution of any class certification issues raised by Plaintiff.

      With these considerations in mind, Defendants propose the following deadlines for Phase I Discovery and class certification briefing:

      (1) Phase I Fact Discovery Schedule:

           a.   Parties shall prepare and serve initial sets of documents requests and written discovery on each other no later than: **November 4, 2020**.

b. Fact depositions, if any, and all Phase I fact discovery shall be completed no later than: **June 30, 2021**.

(2) Phase I Expert Discovery Schedule

a. Plaintiff shall disclose her expert(s) for class certification and submit her expert reports no later than: **July 30, 2021**;

b. Defendants shall disclose their rebuttal expert(s) for class certification and submit expert reports no later than: **August 30, 2021**; and

c. Expert depositions, if any, and all Phase I expert discovery shall be completed no later than: **November 5, 2021**.

(3) Motion for Class Certification:

a. Plaintiff's Motion for Class Certification, if any, shall be filed and served no later than: **November 24, 2021**;

b. Defendants' Opposition to Plaintiff's Motion for Class Certification, if any, shall be filed and served no later than: **December 23, 2021**; and

c. Plaintiff's Reply in Support of her Motion for Class Certification, if any, shall be filed and served no later than: **January 10, 2022**.

With respect to Phase II Discovery, Defendants propose that that parties submit a further joint status report and discovery plan within 30 days after the Court issues its decision on Plaintiff's anticipated motion for class certification, if any. The further joint status report and discovery plan will address all potential Phase II discovery, the briefing of dispositive motions, pre-trial schedule, trial deadlines, and any other issues remaining in the action after resolution of the class certification issues.

### iii.    Subjects on Which Discovery May Be Needed / Targeted Discovery

### 1.    Plaintiff's Position

Preliminarily, Plaintiffs contend discovery will be needed on the following subjects:

- Plaintiff's medical bills and the collection of the same by Defendants.

- Plaintiff's medical care provided by Defendants.

- The assignment and/or transfer or revenue rights for medical services provided to Plaintiff and the Class between Defendants and/or third parties.

- Defendants corporate entity and business structure.

PARTIES' JOINT RULE 26(F) REPORT
(Case No. 3:20-CV-05428 BHS TLF) - 11

- The relationship between Defendants, and between Defendants and third parties such as hospitals, clinics and other medical facilities.

- Defendants' manage care agreements with major third-party insurance companies.

- The locations at which Defendants provide medical services in Washington and throughout the United States.

- Defendants' billing practices and policies and procedures relating to the same.

- Defendants' annual revenues and net worth.

- Defendants' chargemaster list or similar type document.

- CPT codes used by Defendants to bill patients.

- Corresponding prices for medical services billed by Defendants per CPT code, per year for 2010-present.

- Amounts paid for medical services to Defendants by Medicare and Medicaid, per CPT code, per year for 2010-present.

- Amounts paid for medical services to Defendants by major insurance companies like: (1) Aetna; (2) BlueCross BlueShield; (3) UnitedHealthCare; and (4) other major insurance companies not specifically identified herein per CPT code, per year for 2010 – present.

- The number of patients Defendants sent medical bills in Washington and throughout the United States between 2010 – present.

- The number of patients Defendants sent medical bills pursuant to CPT codes 99281, 99282, 99283, 99284 and 99285 in Washington and throughout the United States between 2010 – present.

- The number of patients Defendants sent medical bills for amounts that exceed the highest in network rate paid for the same services, if paid by major insurance companies like: (1) Aetna; (2) BlueCross BlueShield; (3) UnitedHealthCare; and (4) other major insurance companies not specifically identified herein, for each year from 2010-present.

- Other items set forth in Plaintiff's discovery requests not stated herein.

## 2.      Defendants' Position

Defendants contend that Plaintiff's anticipated discovery, as set forth above, is overbroad, unduly burdensome, and beyond the scope of relevant issues in this case, and therefore is likely to raise a number of issues that will require the Parties to meet-and-confer, and possibly Court intervention.  In particular, Plaintiff states that she intends to seek discovery far beyond the three-

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

year statute of limitations period applicable to her breach of implied contract claim.  Furthermore,

Defendants contend that the only discovery proposed by Plaintiff that relates to precertification

and would be within the scope of Phase I includes:

- Plaintiff's medical records and account information in the possession of Defendants.

- Agreements between physician practices affiliated with Defendants and hospitals in the state of Washington in effect between April 1, 2017-present, pursuant to which affiliated physician practices agreed to provide emergency medical services in hospital ERs.

- The chargemaster rates charged by physician practices affiliated with Defendants at hospitals in the state of Washington between April 1, 2017-present for the emergency medical service rendered to Plaintiff.

- Organizational documents that set forth the relationships between the Defendants.

- A decrypted, anonymized list of patients who were provided the emergency medical service rendered to Plaintiff by physician practices affiliated with Defendants at other hospitals in the state of Washington between April 1, 2017-present.

In terms of affirmative discovery in Phase I, Defendants will seek to discover from Plaintiff

what Plaintiff understood the terms of her implied contracted with CVEP to be, and what informed

her understanding (*e.g.*, the circumstances of her admission, the contents of plan documents

provided to her by her health care insurer, the contents of conditions of admission and other

documents provided to her upon presentation to the ER at Trios Southridge Hospital, her

interactions with any of the Defendants, *etc*.).

Defendants may also need to engage in third-party discovery with third-party hospitals and

third-party health care insurers to rebut Plaintiff's allegation that she is a member of a certifiable

class.

## C.      Electronically Stored Information ("ESI")

The Parties agree that this matter likely will involve the preservation and production of

ESI, including structured data.  The Parties are meeting-and-conferring regarding the provisions

PARTIES' JOINT RULE 26(F) REPORT
(Case No. 3:20-CV-05428 BHS TLF) - 13

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200    FAX (206) 407-2224

in the template [Model] Agreement Regarding Discovery of Electronically Stored Information and [Proposed] Order and expect to submit, shortly after filing this Rule 26(f) Joint Report, a [Proposed] Agreement Regarding Discovery of Electronically Stored Information and [Proposed] Order.

**D.  Privilege Issues**

The Parties expect that the Qualified Protective Order and Order Authorizing Disclosure of Personally Identifiable Information contemplated in Section 3(F) of this Joint Report will include a clawback provision providing for procedures for handling inadvertent production of privileged information.

**E.  Discovery Limitations**

To promote the expeditious and inexpensive resolution of this case, the Parties agree to the following, except as the Parties subsequently may agree or the Court may order:

**i.  Generally**

1. All discovery shall be conducted in accordance with the Federal Rules of Civil Procedure and Local Rules.

2. Each Party shall act reasonably in attempting to informally resolve discovery issues that may arise.

3. Discovery documents (*e.g.*, discovery requests, notices, responses, and responsive documents) will be served by electronic service.

4. Third-party discovery shall be shared with opposing counsel.

5. The Parties shall schedule discovery or case management conferences with the Court as necessary.

**ii.  Written Discovery**

1. Each Party will bear its own cost for copying documents produced under Fed. R. Civ. P. 34 and in response to any subpoena.

2. Plaintiff shall be permitted to issue a maximum 25 interrogatories to each of the Defendants.

3. Plaintiff shall be permitted to issue a maximum 50 requests for admission to each of the Defendants.

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

    **iii.**       Depositions

        1.   Depositions will be taken in accordance with Fed. R. Civ. P. 30.

        2.   Each deposition is limited to 1 day of <u>6</u> hours on the record.

        3.   The maximum number of depositions, including Rule 30(b)(6) depositions, that Plaintiff may collectively take of Defendants is <u>7</u> depositions, unless otherwise ordered by the Court.

**F.**    **Discovery Related Orders**

The Parties agree that it is necessary to obtain approval from this Court with respect to a protective order before certain documents and other materials are exchanged, given that discovery is likely to involve information that is confidential, as well as personal health information that is protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). As such, the Parties expect to submit, shortly after filing this Rule 26(f) Joint Report, a Joint Motion to Enter Qualified Protective Order and Order Authorizing Disclosure of Personally Identifiable Information.

**4.**    **LCR 26(f)(1) Items**

**A.**    **Prompt Case Resolution / Possibility of Settlement**

Defendants believe that the earliest opportunity to engage in settlement discussions would be after the Parties have commenced classwide discovery on certification issues, and Defendants request a settlement conference in **July 2021**.  Defendants defer consideration of whether to request the assistance of a magistrate judge for such settlement conference.

**B.**    **Alternative Dispute Resolution**

The Parties have not scheduled any form of alternative dispute resolution ("ADR"). Defendants believe that a mediation to occur after the Court's decision on class certification would be useful.

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

### C.   Related Cases

Plaintiff's counsel has filed another action in U.S. District Court for the District of New Mexico against several Defendants and related parties.  The matter is captioned *Armijo et ano. v. Afillion, LLC et al.* (hereafter "Armijo"), Case No. CV 19-750 KG/GJF (D. N.M. 2019).  In *Armijo*, plaintiffs asserted the same causes of action for the same alleged conduct, purportedly on behalf of the same alleged class, which includes:

> "All individuals who were sent medical bills by Defendants (including but not limited to Defendants any of Defendants' affiliates, subsidiaries, parents, successors, predecessors, employees, contractors, agents, representatives, or assigns) within the past 6 years for amounts that exceed the high in-network amount paid by major private health insurance plans for such services."

On May 20, 2020, the *Armijo* district court dismissed plaintiffs' First Amended Complaint with prejudice for failure to state a claim upon which relief could be granted.  S*ee Armijo v. Affilion, LLC*, CV 19-750 KG/GJF, 2020 WL 2797685 (D.N.M. May 29, 2020).  Plaintiff has appealed the district court's decision to the U.S. Court of Appeals for the Tenth Circuit, and such appeal is pending.

Independent of the overlap between the classes alleged in the pleadings in *Armijo* and this matter, Defendants believe that the matters are separate and should be handled separately, as in this matter, Plaintiffs have alleged a breach of implied contract based on Washington common law, and irrespective of how Plaintiff may define the purported class, only members of the alleged class that received emergency department services at hospitals located in the state of Washington could assert such a claim.  This interpretation is also consistent with the August 12, 2020 Report and Recommendation on the Motion to Dismiss or, in the Alternative, Strike Plaintiff's Class Allegations (Dkt. 40), in which the Court acknowledged, in considering Plaintiff's opposition to Defendants' Motion to Strike, that Plaintiff has agreed to limit her claims to the statute of limitations that applies to breach of implied contract claims under Washington common law.  (Dkt 40 at 15).

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

**D.      Discovery Management**

*See* Section 3 of this Rule 26(f) Joint Report.

**E.      Anticipated Discovery**

*See* Section 3(B)(iii) of this Rule 26(f) Joint Report.

**F.      Phasing Motions**

*See* Section 3(B)(i) of this Rule 26(f) Joint Report.

**G.      Preservation of Discoverable Information**

The Parties do not know of any preliminary issues relating to the preservation of discoverable information and the scope of the preservation obligation.

**H.      Privilege Issues**

*See* Section 3(D) of this Rule 26(f) Joint Report.

**I.      Model Protocol for Discovery of ESI**

*See* Section 3(C) of this Rule 26(f) Joint Report.

**J.      Alternatives to Model Protocol.**

*See* Section 3(C) of this Rule 26(f) Joint Report.

**5.      DEADLINE FOR COMPLETION OF DISCOVERY**

*See* Section 3(B) of this Rule 26(f) Joint Report.

**6.      BIFURCATION**

*See* Section 3(B)(i) of this Rule 26(f) Joint Report.

**7.      PRETRIAL STATEMENTS AND PRETRIAL ORDER**

The Parties do not believe that the pretrial statements and pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k) should be dispensed with. The Parties agree that they will confer and revisit this issue after the Court has ruled on class certification.

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200    FAX (206) 407-2224

**8.      INDIVIDUALIZED TRIAL PROGRAM**

The Parties do not intend to use the individualized trial program/alternative dispute resolution track set forth in LCR 39.2 or ADR options set forth in LCR 39.1.

**9.      SUGGESTIONS FOR SHORTENING OR SIMPLIFYING THE CASE**

*See* Sections 3(B) and 3(E) of this Rule 26(f) Joint Report.

**10.     TRIAL DATE**

The Parties' respective positions regarding a discovery schedule are set forth in Section 3(B) of this Rule 26(f) Joint Report.

**A.      Plaintiff's Position**

Plaintiff's request a pretrial conference in October 2021, and a trial date in November 2021.

**B.      Defendants' Position**

Defendants believe that it is premature to assess pre-trial deadlines or a trial date before the Court addresses Plaintiff's anticipated motion for class certification.  Defendants believe that, after the Court enters an order deciding Plaintiff's anticipated motion for class certification, the Parties should confer regarding deadlines for any additional discovery that may need to be conducted, pre-trial deadlines, and a trial date.

**11.     JURY OR NON-JURY TRIAL**

Plaintiff has filed a Jury Demand in this action.  (Dkt. 24).

**12.     NUMBER OF TRIAL DAYS REQUIRED**

**A.      Plaintiff's Position**

Plaintiff estimates trial will require 4-5 days.

**B.      Defendants' Position**

Defendants believe the number of days for trial depends upon the Court's ruling on class certification.  Defendants suggest that the Parties address the issue of trial length in the Joint Status Report that Defendants propose that the Parties file after the Court rules on class certification.

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

1  **13.   NAMES,   ADDRESSES,   AND   TELEPHONE   NUMBERS   OF   ALL   TRIAL**

2  **COUNSEL**

3      **A.   For Plaintiff**

4                                                    **McGEHEE ✯ CHANG, LANDGRAF, FEILER**
    Jack E. McGehee (*pro hac vice*)

5      H. C. Chang (*pro hac vice*)
    Benjamin T. Landgraf (*pro hac vice*)

6      Benjamin C. Feiler (*pro hac vice*)
    10370 Richmond Ave., Suite 1300

7      Houston, TX 77042
    Phone: (713) 864-4000

8      Fax: (713) 868-9393
    E-mail: jmcgehee@lawtx.com

9                   hcchang@lawtx.com
                 blandgraf@lawtx.com

10                   bfeiler@lawtx.com

11      **MCPARTLAND LAW OFFICES, PLLC**
    Bryce P. McPartland, WSBA 37418

12      1426 S. Pioneer Way
    Moses Lake, Washington 98837

13      p. 509.495.1247
    f. 509.651.9430

14      E-mail: bpm@mcpartlandlaw.com

15      **B.   For Defendants**

16      **CALFO EAKES LLP**
    Angelo Calfo, WSBA #27079

17      Emily Dodds Powell, WSBA #49351
    1301 Second Ave., Suite 2800

18      Seattle, WA 98101
    Tel: (206) 407-2210 / Fax: (206) 407-2224

19      E-mail: angeloc@calfoeakes.com
                 emilyp@calfoeakes.com

20      **EPSTEIN BECKER & GREEN, P.C.**
    R. David Jacobs, (*pro hac vice*)

21      Jonah D. Retzinger, (*pro hac vice*)
    Brock Seraphin, (*pro hac vice*)

22      1925 Century Park East
    Suite 500

23      Los Angeles, CA 90067-2506
    Tel: 310.556.8861

24      Fax: 310.553.2156
    E-mail: DJacobs@ebglaw.com

25                    JRetzinger@ebglaw.com
                  BSeraphin@ebglaw.com

14.    **TRIAL DATE COMPLICATIONS AND CONSIDERATIONS**

     **A.**    **Plaintiff's Position**

     None for Plaintiff other than those contained in sections 10, 11, 12 and 13 of this Rule 26(f) report.

     Plaintiff requests a trial date in November 2021.

     **B.**    **Defendants' Position**

     While Defendants' counsel has availability for trial in 2022, Defendants believe that trial considerations depend upon the Court's ruling on class certification.  Defendants suggest that the Parties address trial considerations in the Joint Status Report that Defendants propose that the Parties file after the Court rules on class certification.

15.    **SERVICE**

     Each Defendant has been served.

16.    **PRETRIAL FED. R. CIV. P. 16 CONFERENCE**

     The Parties respectfully request that the Court hold a scheduling conference before it enters a scheduling order in this case. As set forth above, the parties have disputes regarding certain fundamental issues, including whether discovery should be bifurcated and phased.  Accordingly, the parties would benefit from a scheduling conference.

17.    **CORPORATE DISCLOSURE STATEMENT FILING DATE**

     Defendants filed their initial Fed. R. Civ. P. 7.1 and LCR 7.1 Corporate Disclosure Statement on May 6, 2020 (Dkt. 5).  Defendants expect to file an amended Corporate Disclosure Statement shortly after the filing of this Rule 26(f) Joint Report.

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

1    Dated:  September 24, 2020

2                                          CALFO EAKES LLP

3

4                                    By: */s/ Angelo J. Calfo*

             Angelo Calfo, WSBA #27079
             Emily Dodds Powell, WSBA #49351
             1301 Second Ave, Suite 2800
             Seattle, WA 98101
             Tel: (206) 407-2210 / Fax: (206) 407-2224
             Email: angeloc@calfoeakes.com
                      emilyp@calfoeakes.com

             EPSTEIN BECKER GREEN

             By: */s/ R. David Jacobs*

             R. David Jacobs, CA Bar #73545
             Jonah D. Retzinger, CA Bar #326131
             Brock Seraphin, CA Bar #307041
             1925 Century Park East, Suite 500
             Los Angeles, CA 90067-2506
             Tel:  310.556.8861 |
             Fax: 310-553-2156
             Email: DJacobs@ebglaw.com
                      JRetzinger@ebglaw.com
                      BSeraphin@ebglaw.com

             *Attorneys for Defendants*

             McGEHEE ★ CHANG, LANDGRAF, FEILER

             By: */s/ Benjamin C. Feiler*
             Jack E. McGehee (pro hac vice)
             H. C. Chang (pro hac vice)
             Benjamin T. Landgraf (pro hac vice)
             Benjamin C. Feiler (pro hac vice)
             10370 Richmond Ave., Suite 1300
             Houston, TX 77042
             Phone: (713) 864-4000
             Fax: (713) 868-9393
             Email: jmcgehee@lawtx.com
                     hcchang@lawtx.com
                     blandgraf@lawtx.com
                     bfeiler@lawtx.com

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

MCPARTLAND LAW OFFICES, PLLC

By:  */s/ Bryce P. McPartland*
        Bryce P. McPartland, WSBA 37418
        1426 S. Pioneer Way
        Moses Lake, Washington 98837
        Phone: 509.495.1247
        Fax: 509.651.9430
        Email: bpm@mcpartlandlaw.com

        *Attorneys for Plaintiff and the Class*

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224