```
                 UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF WASHINGTON
                         IN TACOMA
-----------------------------------------------------------

ISELA M. MALDONADO, an        )
individual,                   )
                              )   No. CV20-5428TLF
         Plaintiff,           )
                              )
   v.                         )   (Via Zoom & telephone)
                              )
COLUMBIA VALLEY EMERGENCY     )
PHYSICIANS, LLC; EMCARE,      )
INC.; EMCARE HOLDINGS,        )
INC.; ENVISION HEALTHCARE     )
HOLDINGS, INC.; and           )
ENVISION HEALTHCARE           )
CORPORATION,                  )
                              )
         Defendants.          )

-----------------------------------------------------------


                      DISCOVERY CONFERENCE

-----------------------------------------------------------


                      December 11, 2020


          BEFORE THE HONORABLE THERESA L. FRICKE
            UNITED STATES MAGISTRATE COURT JUDGE
```

*Barry L. Fanning, RMR, CRR - Official Court Reporter*
*(206) 370-8507 Barry_Fanning@WAWD.uscourts.gov*
*1717 Pacific Ave - Tacoma, WA 98402*

```
 1   APPEARANCES:

 2   For the Plaintiff:        Benjamin Feiler
                               Bryce McPartland
 3                             MCGEHEE CHANG LANDGRAF FEILER

 4   For the Defendants:       David Jacobs
                               Jonah Retzinger
 5                             EPSTEIN BECKER & GREEN

 6                             Emily Powell
                               CALFO EAKES & OSTROVSKY
```

Proceedings stenographically reported and transcript produced with computer-aided technology

01:35:29PM  1              THE CLERK:  Good afternoon.  United States
01:35:30PM  2  District Court for the Western District of Washington is
01:35:33PM  3  now in session.  The Honorable Theresa L. Fricke
01:35:37PM  4  presiding.
01:35:37PM  5              THE COURT:  This is Maldonado versus Columbia
01:35:46PM  6  Valley Emergency Physicians LLC, et al., Case No. 20-5428.
01:35:49PM  7  Would the parties please introduce yourself for the
01:35:51PM  8  record?
01:35:54PM  9              MR. FEILER:  Ben Feiler and Bryce McPartland on
01:35:58PM 10  behalf of plaintiffs.
01:36:02PM 11              MR. JACOBS:  David Jacobs, Emily Powell and Jonah
01:36:08PM 12  Retzinger on behalf of defendants.
01:36:10PM 13              THE COURT:  And I believe we have our court
01:36:12PM 14  reporter on the line?
01:36:26PM 15              COURT REPORTER:  Good afternoon.  Yes, your
01:36:28PM 16  Honor.
01:36:28PM 17              THE COURT:  Okay.  The parties have submitted a
01:36:30PM 18  joint Rule 26(f) report, Docket 43.
01:36:33PM 19       And before issuing a scheduling order, I wanted to
01:36:37PM 20  give the parties an opportunity to do some problem
01:36:43PM 21  solving, and I will get a little more clarity on exactly
01:36:48PM 22  where the pinch points are.
01:36:51PM 23       I will start with plaintiff's counsel.  I was looking
01:36:55PM 24  at Page 7 of the Rule 26(f) report, and it appears to me
01:37:02PM 25  that plaintiff's counsel is objecting to bifurcating the

```
01:37:06PM   1   discovery process; is that correct?
01:37:09PM   2          MR. FEILER:  Yes, your Honor, that is correct.
01:37:12PM   3          THE COURT:  And what is your theory of why we
01:37:14PM   4   should not bifurcate it?
01:37:17PM   5          MR. FEILER:  This case is a simple case.  You
01:37:21PM   6   know, it's whether or not plaintiff and class members were
01:37:28PM   7   billed above what is considered a usual and customary
01:37:32PM   8   rate.  Either they were or weren't.  We need to be able to
01:37:35PM   9   do discovery on all the issues relating to class
01:37:38PM  10   certification, including numerosity, finality, and issues
01:37:43PM  11   of the sort.
01:37:45PM  12       And some of the issues relating to bifurcation that
01:37:49PM  13   have been raised by the defendants, specifically relating
01:37:52PM  14   to their (inaudible) agreements (inaudible) insurance
01:37:55PM  15   companies that we think are relevant to the class
01:37:58PM  16   certification (inaudible), because they show what parties
01:38:06PM  17   with equal negotiating power of that of the defendant paid
01:38:10PM  18   for the medical bills at issue.
01:38:12PM  19       And as we have last month, that is reasonable and
01:38:20PM  20   regular -- excuse me, reasonable and regular, usual and
01:38:22PM  21   customary rate.  And to the extent that you were billed in
01:38:26PM  22   excess of that amount, you fit within the class.
01:38:32PM  23       And so we think that the issues are relatively
01:38:37PM  24   simple, and we think that the issues that we have put into
01:38:41PM  25   the proposed scheduling Rule 26 report on Pages 11 and 12
```

```
01:38:52PM   1   are all relevant to class certification discovery in the
01:39:01PM   2   case.
01:39:02PM   3         That kind of sums up the discovery items in the case.
01:39:10PM   4   But at a minimum, we don't want to get stuck in a position
01:39:15PM   5   where defendants are viewing that -- we didn't show some
01:39:22PM   6   class certification because we don't have the documents.
01:39:26PM   7   Those documents, all of the information is in the
01:39:29PM   8   possession of the defendants.
01:39:31PM   9         I am happy, due to the circumstances of COVID, to
01:39:36PM  10   give them additional time to respond to certain discovery
01:39:38PM  11   requests, if needed.  But we would like the discovery to
01:39:43PM  12   be wide open (inaudible).
01:39:49PM  13            THE COURT:  I will hear from the defense.
01:39:51PM  14            MR. JACOBS:  Thank you, your Honor.  As you know,
01:39:53PM  15   we believe that bifurcation is warranted in this action.
01:39:56PM  16   I would say in light of COVID it is especially warranted
01:40:01PM  17   now, with the burden on our client.  The emergency room
01:40:07PM  18   business here is extreme, as the Court can understand.
01:40:12PM  19         We don't even know if there is a class that is
01:40:14PM  20   certifiable here.  We don't believe that there is one.  We
01:40:18PM  21   think discovery should be limited, as outlined on our
01:40:22PM  22   Page 13 of the report, to see if a class can be certified.
01:40:31PM  23   And if so, go on to full-blown discovery.
01:40:35PM  24         I will say this, your Honor:  I would ask -- I did
01:40:39PM  25   ask class counsel exactly what the class was in this case.
```

```
01:40:50PM   1   And the response was right now (inaudible) discovery in
01:40:55PM   2   Washington, but no promises going forward.
01:41:04PM   3          I appreciate his answer, but it is a nonanswer.  It
01:41:08PM   4   is hard (inaudible).  Obviously, based on their
01:41:15PM   5   representations in their reply and this Court's
01:41:19PM   6   recommendation (inaudible), we understand that the
01:41:22PM   7   limitation period of three years (inaudible) Washington.
01:41:28PM   8   The only causes of action remaining in the case are of a
01:41:31PM   9   contractual nature.
01:41:34PM  10          That notwithstanding, the discovery that has been
01:41:38PM  11   requested by the plaintiffs, which is on Pages --  Of
01:41:56PM  12   course, I can't --  It is quite extensive.  It would be --
01:42:02PM  13   most of it would be totally unnecessary were the matter
01:42:06PM  14   bifurcated.  We believe it (inaudible).
01:42:13PM  15             THE COURT:  Is your primary reason that -- it's
01:42:22PM  16   not only the COVID-19 pandemic difficulties that make the
01:42:27PM  17   discovery process onerous, but also proportionality, and
01:42:33PM  18   doing a bifurcated process may have some benefits in terms
01:42:40PM  19   of the limitation of costs over the long haul in the case?
01:42:47PM  20             MR. JACOBS:  Exactly correct, your Honor.
            21   (Inaudible).
            22             COURT REPORTER:  Excuse me, your Honor. There is
            23   some feedback and I am having some difficulty
01:43:15PM  24   understanding counsel.
01:43:15PM  25             THE COURT:  I'm wondering if it might be the way
```

01:43:20PM  1    that the audio is broadcast.  I'm hearing it as there is
01:43:26PM  2    sort of fading in and fading out.  Is that what you are
            3    hearing, Mr. Fanning?
            4            COURT REPORTER:  No, your Honor.  What I'm
01:43:42PM  5    hearing is like an echo in a canyon.
01:43:42PM  6            THE CLERK:  Your Honor, this is Traci.  I have
01:43:43PM  7    contacted the IT department.  They are trying to work
01:43:46PM  8    something out.  It might be the feedback from the
01:43:49PM  9    courtroom.
01:43:51PM 10            THE COURT:  I'm going to take a short recess
01:43:54PM 11    while our IT people do some problem solving, because, of
01:43:58PM 12    course, we want to make sure our court reporter can take
01:44:01PM 13    all of this down properly.
01:44:04PM 14       Mr. Fanning, for everything that has been stated so
01:44:06PM 15    far on the record, were you able to make it out or was it
           16    too garbled?
           17            COURT REPORTER:  Your Honor, I hate to say this,
01:44:18PM 18    but it was too garbled.
01:44:18PM 19            THE COURT:  The Court will take a recess.  We
01:44:21PM 20    will try to work out some of these technical issues and
01:44:24PM 21    then we will come back on the record.  Thank you.
01:50:06PM 22         (At this time a short recess was taken.)
01:50:06PM 23            THE COURT:  I understand from our deputy clerk of
01:50:09PM 24    the court that we were actually able to fix this.  But we
01:50:14PM 25    want to do at least a small test to make sure.

```
01:50:18PM   1   Mr. Fanning, are you able to hear me without that annoying
01:50:23PM   2   feedback?
             3              COURT REPORTER:  I am, your Honor.  We did a bit
             4   of a test before we started, and it sounds like it has
01:50:23PM   5   been corrected.
01:50:40PM   6              THE CLERK:  I want to make sure there is no echo.
01:50:42PM   7   There might be a slight one, but not bad.
01:50:48PM   8              MR. JACOBS:  I'm still hearing an echo.  But it
01:50:51PM   9   is really -- I think maybe we all are, but it is up to the
01:50:58PM  10   court reporter that he can understand what counsel are
01:50:59PM  11   saying, and the Court, obviously.
            12              COURT REPORTER:  There is no echo coming from
            13   you, Mr. Jacobs.  Would you mind saying something, Mr.
            14   Feiler?
01:51:13PM  15              MR. FEILER:  Is there an echo when I talk?
            16              COURT REPORTER:  Yes, there is, but it is not
01:51:37PM  17   quite as bad as it was earlier.
01:51:37PM  18              THE COURT:  Shall we proceed then, Mr. Fanning,
01:51:39PM  19   and if it turns out you have difficulty deciphering what
01:51:42PM  20   is going on, please stop, and we will address the
            21   technical issues again?
            22              COURT REPORTER:  That sounds good, your Honor.  I
            23   think I can go forward with what we have.
01:51:58PM  24              THE COURT:  And so I will recap what my previous
01:52:03PM  25   questions were, so that our court reporter will be able to
```

```
01:52:09PM  1   take down what it was that counsel's positions were.  We
01:52:17PM  2   will start with plaintiff.  Plaintiff was describing the
01:52:21PM  3   reasons why plaintiff believes there should not be
01:52:25PM  4   bifurcation.
01:52:28PM  5          And then let me also ask, if the Court orders
01:52:32PM  6   bifurcation of the discovery process, what is plaintiff's
01:52:37PM  7   proposed timeline for the first phase?  I will ask
01:52:42PM  8   plaintiff's counsel to go forthwith on both of those
01:52:45PM  9   positions.
01:52:48PM 10          MR. FEILER:  Thank you, your Honor.  As I said
01:52:51PM 11   before, our position is that we think discovery should be
01:52:55PM 12   wide open since the beginning and not bifurcated in this
01:52:59PM 13   case.  We think that the issues in the case are relatively
01:53:02PM 14   simple, and that written discovery can be entered in a
01:53:07PM 15   relatively short period of time that would give rise to
01:53:11PM 16   the production of documents and information that will
01:53:14PM 17   allow us class certification.
01:53:18PM 18          At a minimum, we need to be able to do discovery on
01:53:21PM 19   all issues related to class certification, including class
01:53:27PM 20   size, class damages, things along those lines.
01:53:31PM 21          As we currently have the class defined in our
01:53:39PM 22   pleadings, the class is made up of patients who were
01:53:45PM 23   charged more than the usual and customary rate.  And we
01:53:50PM 24   define that rate as the rate paid by parties with equal
01:53:54PM 25   negotiating power to that of the defendants, including
```

```
01:53:58PM  1   major insurance companies.
01:54:00PM  2          And one of the areas that the defendants have
01:54:03PM  3   identified as problematic in relation to the first phase
01:54:07PM  4   of discovery is their managed care agreements they have
01:54:11PM  5   with insurance companies.  But those documents would show
01:54:14PM  6   the amounts that insurance companies pay defendants in
01:54:19PM  7   relation to the care that is at issue here.  So we think
01:54:22PM  8   it is absolutely relevant to the issues of class
01:54:25PM  9   certification, and that we should be able (inaudible) on
01:54:30PM 10   those issues now.
01:54:32PM 11          As it relates to the class itself, there has been
01:54:35PM 12   some discussion whether or not this is a national class or
01:54:41PM 13   a state class for the state of Washington.  And we have
01:54:45PM 14   defined the class without reference to geographic
01:54:50PM 15   location.
01:54:50PM 16          In my conference with defense counsel, based on their
01:54:54PM 17   representations that they are having difficulties with
01:54:58PM 18   COVID-19, I agreed that we could limit the initial
01:55:04PM 19   discovery that's (inaudible) to the state of Washington.
01:55:07PM 20          As they pointed out, I didn't make any promises as to
01:55:10PM 21   limiting the class as a whole to the state of Washington,
01:55:14PM 22   because we believe this conduct is occurring on a national
01:55:19PM 23   basis.
01:55:20PM 24          As to the time frame for the initial phase of
01:55:23PM 25   discovery, I am trying to find where we may have made
```

```
01:55:30PM   1   suggestions in the report --
01:55:34PM   2           THE COURT:  The proposed schedule was set forth
01:55:37PM   3   on Page 11 of Docket 43.  So first on Page 10, and then
01:55:45PM   4   goes to Page 11.
01:55:48PM   5           MR. FEILER:  As I said before, we think that the
01:55:50PM   6   issues are clear and pretty simple in this case.  You
01:55:55PM   7   know, so the initial phase of discovery, if it is
01:55:58PM   8   bifurcated, should be a shorter period of time than
01:56:05PM   9   offered by defendants.  I don't think we need more than
01:56:07PM  10   six or seven months in order to do it, at most.
01:56:12PM  11       That being said, I do recognize defendants are having
01:56:17PM  12   issues related to COVID-19.  And I am happy to work with
01:56:20PM  13   them.  But I would like to get this process started and
01:56:26PM  14   have reasonable goals set in the case to keep the case
01:56:30PM  15   moving forward.
01:56:36PM  16       So I think that we can have the first phase of
01:56:40PM  17   discovery wrapped up, if it is bifurcated, by mid to three
01:56:49PM  18   quarters of the way through 2021.  And then have a trial
01:56:53PM  19   setting maybe in early 2022.  And that's plaintiff's
01:57:01PM  20   position.
01:57:02PM  21           THE COURT:  So in plaintiff's proposed
01:57:06PM  22   scheduling, the proposal was that discovery would be
01:57:18PM  23   completely finished up by August 27th, 2021.  I am looking
01:57:28PM  24   at Page 10 of Docket 43.  And then the defense proposal
01:57:37PM  25   was for Phase I to be finished, for purposes of class
```

```
01:57:44PM   1    certification only, by November 5th, 2021.
01:57:52PM   2         So if we went with the defense proposal, that would
01:57:57PM   3    be a little more than three-quarters of the way through
01:58:00PM   4    2021, but not by much.  So the Court is inclined to go
01:58:06PM   5    with that, both in light of the COVID-19 pandemic and in
01:58:12PM   6    light of being careful about proportionality.
01:58:18PM   7         So given that that is what the Court is intending to
01:58:22PM   8    do, I will go ahead and ask the defense, are there
01:58:28PM   9    specific concerns that the defense has about anything else
01:58:35PM  10    in this joint Rule 26(f) report, assuming that the Court
01:58:42PM  11    goes forward with November 5th, 2021, as the discovery
01:58:48PM  12    cutoff date for class certification, and then orders that
01:58:52PM  13    the class certification motion would be November 24th,
01:58:57PM  14    noted for hearing in the beginning of January 2022?  In
01:59:02PM  15    other words, I would be giving the defense the schedule it
01:59:05PM  16    asked for, but are there any other issues the defense has
01:59:09PM  17    besides that?
01:59:10PM  18           MR. JACOBS:  A couple, your Honor, if I may.  I
01:59:15PM  19    know that Mr. Feiler was discussing what he thought was
01:59:19PM  20    within class certification discovery, and specifically
01:59:24PM  21    mentioned the managed care contracts.  We do not see those
01:59:29PM  22    as anything to do with class certification.  It goes to
01:59:37PM  23    the merits at some point, but it certainly doesn't go to
01:59:39PM  24    class certification.  We can argue about that on another
01:59:43PM  25    day.
```

```
01:59:44PM  1         We are comfortable if the Court were to (inaudible)
01:59:52PM  2    with the schedule laid out.
01:59:53PM  3         One other thing, your Honor, just for purposes of
01:59:55PM  4    clarity.  I'm sorry.  The (inaudible) limitations is three
02:00:01PM  5    years.  The report, at least plaintiff's portion of the
02:00:05PM  6    report, is asking for discovery back in 2010.
            7    (Inaudible.)
            8              COURT REPORTER:  Mr. Jacobs, you're cutting out.
            9    Could I ask that you repeat your last sentence?  I
           10    apologize for interrupting.
02:00:46PM 11              MR. JACOBS:  I wanted to get clarity on the scope
02:00:48PM 12    of discovery, because plaintiff has set forth discovery
02:00:53PM 13    going back to 2010.  The Court in its recommendation
           14    (inaudible).
           15              COURT REPORTER:  Your Honor, I apologize again
           16    for interrupting, but I can't make out what Mr. Jacobs is
02:01:31PM 17    saying.  There is some kind of audio malfunction.
02:01:31PM 18              THE COURT:  Okay.  I think what we have
02:01:32PM 19    accomplished so far is sufficient to get a scheduling
02:01:35PM 20    order in place.  Are you able to hear me, Mr. Fanning?
           21              COURT REPORTER:  Your Honor, I can hear you
02:01:50PM 22    perfectly.
02:01:50PM 23              THE COURT:  Let's try one more time.
02:01:55PM 24    Ms. Whiteley, if you could contact IT and see if there is
02:02:00PM 25    anything more that can be done about the audio.  It sounds
```

```
02:02:05PM  1   like we have fixed it in terms of my communication and
02:02:08PM  2   Mr. Fanning being able to hear me.  But now there seems to
02:02:13PM  3   be difficulty with him hearing the attorneys.  Let's just
02:02:14PM  4   try one more time to see if we can fix that.  Otherwise, I
02:02:19PM  5   think what we will need to do is reset this hearing after
02:02:21PM  6   I issue a scheduling order.  And after the parties have a
02:02:25PM  7   chance to meet and confer, we can do a follow-up hearing.
02:02:29PM  8              THE CLERK:  Okay, your Honor.  I will need to get
02:02:31PM  9   ahold of IT again.  One suggestion I have is maybe we can
02:02:34PM 10   all use the conference phone line right now, and I can
02:02:38PM 11   give that, and we all dial in and forego Zoom altogether.
02:02:42PM 12              THE COURT:  I'm okay with that.  Counsel?  Okay.
02:02:49PM 13              THE CLERK:  I will get the number for everyone.
02:02:52PM 14              THE COURT:  Ms. Whiteley, should I just remain in
02:02:55PM 15   the courtroom?
02:02:56PM 16              THE CLERK:  Whatever is convenient.  I will be
02:02:59PM 17   disconnecting Zoom.  If you want to join by work phone or
02:03:03PM 18   the phone in your courtroom.  You might want to go back to
02:03:06PM 19   your desk.  That might be the best.
02:03:08PM 20              THE COURT:  Sounds good.  The Court is now in
02:03:09PM 21   recess.  We will reconvene in a moment.
02:05:42PM 22        (Recess.)
02:05:51PM 23              THE CLERK:  I think we can commence the hearing
02:05:53PM 24   again.
02:05:53PM 25              THE COURT:  Thank you, Ms. Whiteley.  Going back
```

```
02:05:56PM   1   to the concern that the defense was raising, because
02:06:03PM   2   Mr. Fanning was having difficulty hearing you, I will give
02:06:06PM   3   you another opportunity to explain what concern or
02:06:10PM   4   concerns you had that are separate from the bifurcation
02:06:16PM   5   issue.
02:06:17PM   6           MR. JACOBS:  Thank you, your Honor.  David Jacobs
02:06:20PM   7   speaking.  Our concern --  When we drafted the schedule,
02:06:26PM   8   what we had in mind was the statute of limitations period
02:06:32PM   9   as referenced in your Honor's recommendation, and is
02:06:37PM  10   congruent with the statute of limitations in the state of
02:06:41PM  11   Washington.  The requests, it sounds like, that the
02:06:45PM  12   plaintiffs are going to serve, go back to 2010, which is
02:06:50PM  13   horrendously burdensome for our client and not going to be
02:06:53PM  14   relevant to anything that's going to be in place if the
02:06:56PM  15   statute doesn't go back anywhere near that far.
02:06:59PM  16        But the client systems are complicated, to say the
02:07:03PM  17   least.  And they have changed systems a couple of times
02:07:06PM  18   since 2010.  So that becomes a huge issue for us.
02:07:12PM  19           THE COURT:  And so you are looking for a date
02:07:14PM  20   range that is something less than 2010.  Is there a
02:07:21PM  21   response from plaintiff on that?
02:07:27PM  22           MR. FEILER:  Your Honor, we are happy to limit
02:07:29PM  23   the discovery to less than 2010.  You know, a period going
02:07:36PM  24   back five years would be nice, from the date of the
02:07:41PM  25   incident in question.  I do recognize that the statute of
```

```
02:07:46PM   1   limitations for the claims that are made is three years.
02:07:51PM   2   And so at a very minimum, we would request to be able to
02:07:54PM   3   get discovery at least going back three years.
02:07:59PM   4           THE COURT:  Okay.  It seems to me that the
02:08:01PM   5   three-year statute of limitations does define the date
02:08:05PM   6   range.  And so when you put together your discovery
02:08:10PM   7   requests, I would expect that that would be your date
02:08:15PM   8   range, is the three-year statute of limitations.
02:08:19PM   9     If there are any exceptions to that, then you can
02:08:23PM  10   meet and confer with the defense for whatever those
02:08:25PM  11   limited exceptions might be.
02:08:30PM  12           MR. FEILER:  Yes, your Honor.
02:08:31PM  13           THE COURT:  And then are there any other matters
02:08:33PM  14   from the defense that you wanted to raise?
02:08:37PM  15           MR. JACOBS:  Not that I haven't already raised,
02:08:40PM  16   your Honor.  We can obviously address what Mr. Feiler
02:08:44PM  17   raised, what he thought was within class discovery.  That
02:08:47PM  18   is really more in the nature of a discovery dispute than a
02:08:51PM  19   scheduling issue.
02:08:52PM  20           THE COURT:  Okay.  And then I would imagine the
02:08:56PM  21   parties are going to do a confidentiality protective
02:09:01PM  22   order, and then also an ESI protocol agreement?
02:09:12PM  23           MR. JACOBS:  Yes, your Honor, we are.  As a
02:09:14PM  24   matter of fact, those are almost completed.  We will
02:09:17PM  25   circulate to Mr. Feiler very soon.
```

02:09:19PM  1              THE COURT:  Excellent.  Any other issues the
02:09:22PM  2   parties wanted to discuss as long as we are in conference
02:09:29PM  3   about scheduling and discovery matters?
02:09:29PM  4              MR. FEILER:  Your Honor, the only other thing
02:09:30PM  5   from plaintiff's counsel is that we would request, as a
02:09:32PM  6   general notion, to be allowed to conduct discovery on
02:09:35PM  7   anything that we will need in relation to class
02:09:38PM  8   certification in the initial phase.
02:09:45PM  9              THE COURT:  I believe that is a reasonable
02:09:50PM 10   request.  Of course, it is going to need to be something
02:09:53PM 11   that meets the proportionality requirement of the federal
02:10:01PM 12   rules.  I'm sure that both counsel realize that cost is
02:10:04PM 13   important and that efficiency is important to keep the
02:10:07PM 14   case moving.  So I trust that you will come up with
02:10:10PM 15   parameters for your request that will make sense.
02:10:13PM 16        Electronic discovery is always a business that takes
02:10:18PM 17   some, you know, trial runs to see what is working and how
02:10:24PM 18   efficiently you can get through things.  I think the
02:10:30PM 19   electronic discovery agreement is going to be really
02:10:33PM 20   important here.
02:10:38PM 21              MR. FEILER:  Thank you, your Honor.
02:10:39PM 22              MR. JACOBS:  Thank you, your Honor.
02:10:40PM 23              THE COURT:  The Court will expect that you will
02:10:43PM 24   be filing the electronic discovery agreement and the
02:10:47PM 25   protective order before the holiday.  I would like to see

```
02:10:54PM   1   that filed by the 23rd.  Do you anticipate any problem
02:10:58PM   2   being able to do that by December 23rd?
02:11:05PM   3              MR. JACOBS:  Speaking for the defense, we don't,
02:11:07PM   4   because I think we drafted it.  Mr. Feiler hasn't seen it
02:11:10PM   5   yet, but we will get it to him forthwith.
02:11:15PM   6              MR. FEILER:  I don't see any issue with that,
02:11:16PM   7   your Honor.  We will do everything we can to make sure we
02:11:18PM   8   meet that deadline.
02:11:19PM   9              THE COURT:  Okay.  And then I will issue a
02:11:22PM  10   scheduling order that is pertaining to the Phase I of
02:11:27PM  11   discovery.  And it will anticipate that you will begin the
02:11:32PM  12   discovery process after the 23rd of December, because
02:11:36PM  13   that's when your confidentiality agreement and electronic
02:11:40PM  14   discovery agreement will be in place.
02:11:42PM  15        I appreciate everyone's time.  I'm glad that we were
02:11:48PM  16   able to sort through the issues.  If there are ever times
02:11:51PM  17   when you need to do an informal conference with the Court,
02:11:54PM  18   please let Ms. Whiteley know and we will be happy to
02:11:57PM  19   schedule one for you.
02:11:59PM  20              MR. FEILER:  Thank you, your Honor.
02:12:01PM  21              MR. JACOBS:  Thank you, your Honor.
02:12:02PM  22              THE COURT:  That concludes today's hearing.
02:12:04PM  23   Thank you for your patience.
            24                    (Proceedings recessed.)
            25
```

*Barry L. Fanning, RMR, CRR - Official Court Reporter*
(253) 882-3833 Barry_Fanning@WAWD.uscourts.gov
*1717 Pacific Ave - Tacoma, WA 98402*

**C E R T I F I C A T E**

   I, Barry Fanning, Official Court Reporter for the United States District Court, Western District of Washington, certify that the foregoing is a true and correct transcript from the record of proceedings in the above-entitled matter.

_____
**/s/ Barry Fanning**
**Barry Fanning, Court Reporter**